CONANT *vs.* VAN SCHAICK.

DAY *vs.* WOOD.

DAY *vs.* TOWNSEND.

McKINNEY *vs.* PHILLIPS.

The responsibility of the stockholders of a rail road corporation, for the debts of the company, under the 10th section of the general rail road act of 1850, was an original responsibility, and was that of general partners. Like the responsibility of partners, it entered into the essence of every credit given to the company, and was a part of the contract by which the debt was incurred. And the credit was given, and the creditor trusted, as well to the personal liability of the stockholders, as to the responsibility of the corporation.

But it was the intention of the legislature, by the 10th section of the act of April 15, 1854, amending the act of 1850, to repeal the provisions of the 10th section of the act amended. And as respects debts contracted since the passage of the amendment, the stockholders are *corporators* merely, and not *partners;* and as to such debts, an action cannot be maintained against them, by a creditor, after the return of an execution, issued against the company, unsatisfied, to render them personally liable.

The repealing clause, however, of the act of 1854, so far as it relates to rights of action existing at the time it was passed, was unconstitutional, as interfering with vested rights; and those rights remain untouched by it.

In an action by a judgment creditor of a rail road company, against stockholders, to enforce their personal liability, the mere proof that a judgment has been obtained by the plaintiff, against the company, and an execution returned unsatisfied, is not enough. The plaintiff must also prove that the debt, for which the judgment was recovered was of the sort named in the statute. And when this is done, the amount due on the execution is the rule of damages.

Such actions may be brought by all persons employed in the service of the company—whether as engineers, master mechanics or conductors—who have not a distinctive appellation, such as *officers* or *agents* of the company. The servant who employs and pays the man working with him, is entitled to the benefit of the maxim, *qui facit per alium facit per se.*

THESE actions were brought against the respective defendants as stockholders in the Albany Northern Rail Road Company, to enforce their alleged liability for the debt of the company, under that clause of the 10th section of the general rail road act of 1850, which provides that "all the stockhold-

Conant *v.* Van Schaick.

ers of every such company shall be jointly and severally liable for all the debts due or owing to any of its laborers and servants for services performed for such corporation ; but shall not be liable to an action therefor before an execution shall be returned unsatisfied, in whole or in part, against the corporation ; and then the amount due on such execution shall be the amount recoverable with costs against such stockholders." In the first of the above cases, the plaintiff Conant seeks to recover for services rendered by him as a *civil engineer*, and for the services of a *rodman in his employ.* In the second, the plaintiff Day seeks to recover for work, labor and services rendered to the company by one Smalley who had assigned his claim to the plaintiff, and for other work, labor and services of the plaintiff, rendered by himself and *his servants.* In the third, the same plaintiff, Day, seeks to recover for work and labor of *himself, his servants and agents,* performed for the company ; and the judgment against the company also includes a demand for money paid, laid out and expended by him for the company. The three cases all present the same general questions ; and certain special questions, arising out of the distinctive points of each. The issues of fact joined in the cases were tried by the court, before Mr. Justice PARKER, at the Albany circuit, in March, 1855, and after taking the evidence and hearing counsel as to the questions arising in the respective cases, he directed a verdict for the plaintiffs, subject to the opinion of this court upon a case to be made, and with power to the court to render such judgment as upon the hearing might be found proper. The only evidence in the cases was that offered by the plaintiffs. It consisted, 1. Of the record of the plaintiffs' judgment against the company for the debt now sought to be recovered from the stockholder. 2. Of an admission by the defendants that the company was incorporated under the general rail road act of 1850, and that they respectively were stockholders at the time the services in question were rendered, and that an execution had been duly issued and returned unsatisfied against the company.

*O. Meads*, for the defendants Van Schaick, Wood and Townsend, submitted and insisted that the plaintiff was not entitled to recover, and that judgment should be rendered for those defendants respectively, for the following reasons.

I. The statutory liability of the stockholder, as created by the 10th section of the act of 1850, has been so far repealed or modified by the 16th section of the act of 1854, (*Laws of* 1854, *p.* 614,) as to exempt these defendants from the liability now sought to be enforced.   (1.) The legislature have full power to repeal any liability they create, as to any cases that have not passed into judgment, unless the repeal impairs the obligation of a contract.   (*Butler* v. *Palmer*, 1 *Hill*, 329, *and cases there cited.*)   (2.) The liability here is not like that of the Rossie, Galena and other manufacturing companies—the mere common law liability of unincorporated partners for all the debts of the company—but a liability of a very different kind and extent, originating in and dependent on the statute ; a liability covering only one very restricted class of debts, and including *costs*, which are not matters of contract.   Costs of the judgment against the company could not be recoverable except by force of the statute.   (*Bailey* v. *Bancker*, 3 *Hill*, 188.)   (3.) The only *contract* is between the plaintiff and the corporation.   The stockholder's liability is not such an one as would have resulted from his common law liability as a partner in a joint stock company, where no corporate exemption intervened, but is a special and peculiar liability, a creature of statute, and ceasing with the repeal of the statute.

II. But if the provisions of the act of 1850 are still in force as to these cases, the plaintiffs have not, *by proper evidence*, shown such a case as will render the defendants liable.   (1.) The record of the judgment against the company was not evidence, as against the stockholder, either as to the nature or the amount of the original debt.   It was evidence only of *the fact of its own rendition ;* and, as such, was proper, in order to show that the requirements of the statute, preliminary to bringing an action against the stockholder, had been complied with.   But in the language of Bronson, J. in *Moss* v. *McCullough*, (5 *Hill*,

134,) "the judgment was neither *conclusive* nor *prima facie*
evidence, against the stockholder, of the original debt or de-
mand against the company. That must be . proved, as though
the judgment had not been recovered." "The proof of the
judgment (says Cowen, J., in the same case,) is not made with
a view to estoppel, but as *res ipsa.*" In its character of a ·
*judgment* or *record*, it is binding and *conclusive*, as 'against
the *parties* to it, for its own proper purposes and objects, and
no further. (1 *Phil. on Ev.* 333.) As against others than
the parties to it, it may, if material, as in the present case, be
proved as *a fact*, but not as a *judgment or res judicata.*
(*Moss* v. *McCullough*, 5 *Hill*, 134. *S. C.* 5 *Denio.* 567. *S. C.*
7 *Barb.* 279. *Cowen & Hill's Notes, part* 2, 815. *Id. note*
582, *p.* 820. *Slee* v. *Bloom*, 20 *John.* 669.) All the cases
concur in holding the judgment not to be evidence of the facts
contained in it, as against the stockholder, except the opinion
of Willard, J., in 7 *Barb.* But in that case, it must be ob-
served, there was other evidence of the original indebtedness
than that contained in the judgment record ; and it was also
claimed that the judgment was evidence of the assent of the
company to a disputed contract made by its agent. The case
of *Slee* v. *Bloom*, does not, when examined, conflict with *Moss*
v. *McCullough*, in 5 *Hill*, 134. The decree of the court of
errors in the latter case, establishes *the bond*, given by the
company on the liquidation of the original debt, to be *prima
facie* evidence of the amount due, as against the stockholders,
but does not make the *judgment* on that bond, evidence of the
amount. On carefully examining the case of *Moss* v. *McCul-
lough*, in the court of errors, (5 *Denio*, 567,) it will be found,
that out of nineteen members who voted on the decision, thirteen
either expressly or impliedly, sustained the opinion of the su-
preme court, in 5 *Hill*, 134. (2.) But if the judgment records
in these cases were evidence as against the stockholders, still
they do not show the facts necessary to charge these defend-
ants. The services rendered by the plaintiff Conant, were not
in the capacity of a "laborer and servant," but as a *civil en-
gineer ;* a man of professional skill and science. He was a

man in authority, having "servants" *of his own* under him. The term "laborers and servants," as used in this act, is employed, not in a broad and general sense, but as technically descriptive of a class of persons, who from their humble and dependent position, stood in special need of legislative protection. This court has given this construction to the term *laborers* as used in the 12th section of this act; and the same reasoning is equally applicable to the 10th section. (*See MS. opinions of general term, 3d district, in Lee v. Troy and Boston R. R., and Atchinson v. same.*) The plaintiff cannot recover against the stockholder, for the services of the plaintiffs' servants. The act makes the stockholder liable only for debts due by the company to *its* laborers or servants, "for services performed *for such corporation.*" The services contemplated by the act are *personal* services, not services by agents or servants. On this point the amendment contained in the 16th section of the act of 1854, inserting the word "personal," is only *declaratory* and expressive of the intent and true construction of the original act of 1850. The *plaintiff's servant* is not the *company's servant,* nor under its authority or control. He is responsible only to his own master. One who employs agents and laborers in executing his contract with the company is a *contractor,* and not a laborer, within the meaning of this act. There are three classes of persons specially provided for by this act, (§§ 10 and 12,) viz: 1st. General creditors, (including *contractors*) after exhausting their remedy against the company, may resort to the stockholders for any balance remaining unpaid on their stock. 2d. The laborers and servants in the direct employment of the company, for their personal services, may resort to the stockholders. 3d. The *laborers* employed under contractors, may hold *the company* responsible for not more than thirty days' labor, provided they, within twenty days after it is performed, give notice to the company, as required by section 12. These provisions being in derogation of the common law, should be construed strictly. (*Lee v. Troy and Boston R. R. opinions above cited. Millered v. Lake Ontario, A. and N. Y. R. R. Co.* 9 *How. Pr.* 238.) (3.) In the cases

of *Day* v. *Townsend,* and *Day* v. *Wood,* the judgment records, even if admitted as evidence, do not show that the services in question were performed in the capacity of laborers or servants of the company; and it was for the plaintiff to make out a case bringing himself clearly within the terms of the statute.

III. The statute makes the amount due upon the execution against the company, the amount recoverable against the stockholder, and if any part of the judgment against the company is for a debt for which the stockholder is not liable, no part of it can be recovered. The statute has, for this purpose, made the judgment against the company an entire demand, incapable of being separated into its original constituent parts, and it must be recovered in whole or not at all. (1.) In all the cases, a part of the demand is for the plaintiff's own agents and servants; and in the case of Townsend, there is a demand included in the judgment for *money paid* by the plaintiff for the company. The fact that the costs are included, shows that the legislature contemplated that the judgment was to be only for such a demand as the stockholder was liable for; otherwise they would not have included the costs or would have authorized an apportionment. By what authority can the stockholder be charged for costs incurred, in part at least, on a demand for which he is in no way liable? By bringing a separate action against the company for the debt on which the stockholder was liable, the plaintiff would have avoided all difficulty. If the plaintiff by his own act has rendered it impossible to execute the statute according to its terms, the court has no power to vary the statute in order to relieve him.

*Alfred Edwards,* for the defendant Phillips. I. The legislature has the power to repeal any act which a former legislature was competent to pass, unless the act repealed was a grant or contract on the part of the state, or unless it impaired the obligation of a contract made by two or more persons. (*Fletcher* v. *Peck,* 6 *Cranch,* 87.)

II. The legislature has the power to take away *vested* rights unless they affect or impair the obligations which the parties

have undertaken. (*Charles River Bridge* v. *Warren Bridge,* 11 *Peters,* 420. *Satterlee* v. *Mathewson,* 2 *id.* 413. *Watson* v. *Mercer,* 8 *id.* 110. *See also the case of The State of Maryland* v. *Baltimore and Ohio Rail Road,* 1 *Am. R. R. Cases; Smith & Bates' Notes,* 1. *The Baltimore and Susquehanna R. R.* v. *Nesbit,* 1 *Am. R. R. Cas.* 39.)

III. The liability of the stockholder is *created and imposed by the statute.* It is a mere statutory liability. (*Moss* v. *McCullough,* 7 *Barb.* 279.) The cases of *Allen* v. *Sewall,* (2 *Wend.* 327 ;) *Moss* v. *Oakley,* (2 *Hill,* 119 ;) *Moss* v. *McCullough,* (5 *id.* 131 ; 5 *Denio,* 567 ; 7 *Barb.* 279,) involved the question as to whether the stockholder was liable at the time the debt was contracted or at the time the suit was brought ; and though the court say the stockholder is not liable as a guarantor, but the same as if there were no act of incorporation, yet it is not stated that the liability is a common law liability. In 7 *Barb.* 279, it is said to be a statutory liability. In the cases last referred to, the stockholders of the Rossie Company were liable for all the debts of the company. At common law the partners are liable for all the debts. In this case they are liable, *severally,* for the labor debts, and to the amount unpaid on their stock for all the debts, which is not the common law liability.

IV. Before the stockholders can be charged, the execution must be returned unsatisfied, and no remedy is given until that is done. Before the right of the laborer to look to the stockholder attaches, the liability is repealed or new conditions imposed upon the laborer.

V. A right created by a statute can be impaired by the legislature. (*Butler* v. *Palmer,* 1 *Hill,* 329, *and the cases cited under the second proposition.*)

VI. If the laborer contracted with reference to the right to look to the stockholder, for the work due him from the company, he contracted also with reference to the law as it should exist when he seeks to enforce his right, *and to the right and power of the legislature to take away that right.*

VII. It is insisted that this liability created by statute, is not a *contract,* and that the word contract in the constitution,

means a compact made by parties, or a grant, an executed contract made by the state; when the state makes a contract, or grant and rights are vested under it, the grant cannot be revoked.

VIII. This case is not like the case of *Bronson* v. *Kinzie,* (1 *How. S. C. R.* 311;) *McCracken* v. *Hayward,* (2 *id.* 608;) nor the principles laid down by Story. (*Story's Const. U. S.* § 1374 *to* § 1399.) They refer to cases where the parties make a contract, and it is there held that the law where the contract is made governs the contract, so as not to allow the legislature to alter the rights of the parties. (*Id.* § 1385, *and notes.*) In this case the legislature have merely taken away the liability they imposed or inflicted.

IX. Section ten of the act of 1850, and the liabilities under it, are repealed by the act of 1854. The rule is that where an act or clause is repealed, it is the same as if it had never existed, and every thing incident to the repealed clause falls with it, unless saved by express words. Positive enactments, however, do not have a retrospective action, unless so expressly declared. The intention of the legislature may be gathered from sect. 16 of the act of 1854. (*See* 1 *Hill,* 329, *and cases cited.*)

*Thomas Smith,* for the plaintiff. I. The liability of the defendant as a stockholder created by the 10th section of the act of 1850, (*Sess. Laws, p.* 214,) was not released by the act passed April 15, 1854, (*Sess. L. p.* 614,) amending the said section. The legislature could never have intended that this amendment should have a retrospective operation, so as to affect claims for services performed under the original law. If so intended and it will admit of this construction, it is *unconstitutional* and *void* so far as it affects liabilities created before its passage. The liability of the stockholders under the act of 1850, is a *common law* liability founded upon *contract.* It is not a *general* but a *qualified* incorporation, making the stockholders jointly and severally liable for debts due its laborers and servants, in the same manner as they would have been liable at common law, or as partners if the company had not been incor-

porated. This principle has been settled by the court of appeals upon full deliberations in the case of *Corning* v. *McCullough*, (1 *Comst.* 47.)    *See also Moss* v. *McCullough*, 7 *Barb.* 279 ; *Harger* v. *McCullough*, 2 *Denio*, 119, 123.)   The laborer contracts upon the credit of the stockholder, and the moment his services are performed his right of action vests, and any law which purports to divest him of that right is *unconstitutional* and *void.*   See 10th section of the constitution of the U. States : " No state shall pass any *ex post facto* law, or law impairing the obligation of contracts."

II.  Proof of the judgment against the company is *prima facie* evidence against the stockholder. (*Moss* v. *McCullough*, 7 *Barb.* 279, *overruling the case in* 5 *Hill*, 131.   *Moss* v. *Oakley*, 2 *Hill*, 265.   *Slee* v. *Bloom*, 20 *John.* 669.)   This follows from the fact that the stockholders are liable, as at common law, as partners, upon the original contract.  (1 *Comst.* 47.)   The statute contemplates that the judgment should be evidence as against the stockholders, by providing that the amount due upon the execution returned unsatisfied against the company shall be the amount recoverable, with costs, against the stockholders.   (§ 10 *of general rail road act, session* 1850.)

III.  It was insisted upon the trial, that the services in this case did not come within the meaning of the provision of the act making the stockholders " jointly and severally liable" for all debts due or owing to any of *its laborers* or *servants*, for services performed for the corporation.   The construction given to the word *laborer*, in the 12th section of the act, can have no bearing upon the words *laborers and servants* as used in the 10th section.   In the former the legislature have provided a remedy for laborers who are employed by contractors to work by the day so as to secure to them their pay at the expiration of every thirty days.   While in the latter they have intended to protect all persons employed by the company, whether by the day, month or year, against the failure or insolvency of the company, by making the stockholders personally responsible.   A civil engineer, who works with his instruments, is as much a

laborer and servant of the company as the man who uses the spade and shovel.

IV. It was also insisted that if the term *laborer and servant* does include civil engineers, it would not include an assistant who works under a civil engineer in the capacity of rodman. The work done by the assistant is to be regarded as the work of his employer, who is the servant of the company. It can make no difference to the stockholder whether the company are liable to the engineer or his assistant.

*By the Court,* GOULD, J. In this case, (*Conant* v. *Van Schaick,*) and in three others argued with it, it becomes necessary to pass upon the leading questions, as to the responsibility of the stockholders of rail road corporations for the debts of the companies, under the 10th section of the act of 1850, (*Laws of* 1850, *p.* 214,) considering that section as it originally stood; and then as amended, and in fact repealed, by the law of 1854; (*Laws of* 1854, *pp.* 614, 615, § 16;) and also, taking the two together, whether the repealing clause can, *constitutionally,* apply to rights of action existing prior to its enactment. And for a correct solution of all or either of these questions, it is necessary to ascertain the *nature* of the right; whether it be one given by statute, or whether it be a common law right which the statute has but failed to take away; involving, to some extent, the point whether the statute is to be deemed remedial, or in the nature of one imposing a forfeiture or penalty.

. The whole ground of the construction of the statute, and the *nature* of this liability, is very fully and clearly stated and adjudicated in *Corning* v. *McCullough,* (1 *Comst.* 47.) By reading the 9th and 10th sections of the act incorporating the Rossie Galena Company, (*Laws of* 1837, *p.* 446,) and then turning to the Session Laws of 1850, pages 214, 215, § 10, no one can fail to see that the provisions of the two acts are, to all essential purposes, identical. And the case named decides that, whereas a *general* act of incorporation would take away the common law liability of all parties in interest, as parties, the effect of such a section retaining that common law liability is to

Conant *v.* Van Schaick.

make the act of incorporation a qualified one ; and that the responsibility (notwithstanding the statute directs the company to be sued first, &c.) is an original one, and is that of *general partners;* and, like the responsibility of partners, enters into the essence of every credit given to the company, and is a part of the contract by which the debt is incurred ; that the credit is given, and the creditor trusts " as well to the personal liability of the stockholders, as to the responsibility of the corporation." And, further, that " this liability the stockholders voluntarily assumed, and it could not have been misunderstood by them." (*Page 55.*) And, on the same page, " When the plaintiffs sold and delivered their merchandise to the company whereof the defendant was a stockholder, they acquired a right of which nothing could divest them, to the liability of the defendant for the payment of the price of the goods ; and the defendant incurred the obligation to answer and pay the debt thus incurred." And at page 61 the action to enforce this liability is decided to be " *a common law action,* and *not* an action on statute." At page 58 it is decided that such a claim is " *not for a forfeiture or penalty,* or any sum of money or thing taken from the defendant and given to the plaintiff by a statute ; nor upon any cause of action to which their whole and sole right or title rests upon a statutory provision entitling them thereto, *but for a debt contracted by the sale,*" &c.

This decision manifestly covers the whole ground of the present suit ; that is, as to the *nature* of the liability &c. under the law of 1850. (*See also* 7 *Barb.* 279.) What then is the effect of the law of 1854 ? The last seven lines of the 10th section, as amended, (at pages 614, 615,) are most clumsily expressed ; as if drawn to *prevent* the legislature from *seeing the intent.* But there can be no doubt that the drawer intended them to repeal the provisions of the former 10th section, which did *not* take away this action, and the legislature must be presumed to have intended what the lines really mean. I have no doubt, therefore, that in regard to any debt incurred after the passage of this amendment, the stockholders are *corporators* merely,

and *not partners :* and as to all such debts, an action like this could not be sustained.

And here comes in the question, is this repealing clause if, or so far as, it applies to rights of action already accrued, (according to the law of 1850,) prior to the passage of the repealing act, constitutional ? There is no dispute that those rights were then vested rights. Then the decision, so fully quoted from above, (1 *Comst.* 47,) comes in, to give a decided, unequivocal answer on this point. The right is not created or given by statute, but is a common law right; and the liability. of the stockholders is a part of the contract. Such being the law of this state, and this repealing act being, as clearly, one that takes away the right, and not merely one that affects the remedy, it is, so far as intended, or attempted, in this suit, to be applied to rights of action which accrued prior to its passage, unconstitutional, and those rights remain untouched by it.

There is a minor point, which is involved in each of these cases, which is, how far the judgment which the plaintiffs, respectively, have recovered against the company, (and which, by the law of 1850 they were bound so to recover before suing the stockholders,) is *evidence* in such cases. There is an *apparent* difficulty in answering the question ; from the fact that, by the act, the amount of the recovery against the stockholder must be "the amount due on the execution" issued on the judgment against the company, and returned unsatisfied. Still it is palpable that judgments against the company may be recovered for a variety of causes not named in the section referred to. And were the mere proof that a judgment had been obtained against the company, and an execution on that judgment had been returned unsatisfied, to be held sufficient to make out the case, it is most manifest that the liability of the stockholders would, thereby, be extended to *every* debt of the company, no matter for what incurred. The plaintiff in such cases as these should be held to make out his case. By the statute he must prove that he has recovered judgment, against the company, and that the execution thereon has been returned unsatisfied. But this is not all ; he must then go on and prove the debt for which

Conant v. Van Schaick.

the judgment was recovered, to be of the sort named in the act; and when this is done, the amount due on the execution is the rule of damages.(a)

Next there comes up, for consideration, what are the "services performed for such corporation," by "any of its laborers and servants," for which such suit may be brought? Or, *who* may bring such suit? I reply to this question, I see no middle ground, between restricting it to day laborers, and applying it to all persons employed in the service of the company who have not a different proper and distinctive appellation; such as *officers* and *agents* of the company. The engineer, the master mechanic, the conductor, is as fully entitled to its benefits as is the man who shovels gravel. The latter is, in law, no more and no less a *servant* of the company than either one of the former. And (this question really applying only to the *class* of debts covered,) the servant who employs and pays the man who works with him, is fully entitled to the benefit of the maxim, *qui facit per alium facit per se.* And the company (and the stockholder) for whose benefit the work is done, (the work being of the nature named in the law,) has no right to complain that the whole question is tried in one suit, rather than in half a dozen. And these causes of action are assignable, beyond all doubt.

To apply these principles to the cases before us.

1. In the case of *Conant* v. *Van Schaick* the whole of the plaintiff's demand is good as against the defendant; provided he prove in this suit, that the services were rendered, as set forth in his complaint in the court below. But inasmuch as he rested on proving his case by the record only, a new trial must be had, to give him opportunity to prove his case.

2. In the case of *Day* v. *Wood*, the decision must be the same.

3. In the case of *Day* v. *Townsend*, the plaintiff must fail,

(a) This point did not, and could not, arise in the case of the Rossie Galena Company; because the stockholders of that company were liable for *all* the debts of the company; no matter of what description, or for what consideration.

because his judgment against the company includes a claim for money paid &c. for the company.

4. In the case of *McKinney* v. *Phillips*, the decision must be the same as in the first two.

[ALBANY GENERAL TERM, March 2, 1857. *Harris, Watson* and *Gould*, Justices.]