## N. Y. SUPERIOR COURT.

VICTOR VINCENT plaintiff and respondent, agt. CHARLES BAMFORD, defendant and appellant.

Where, under the charge of the court, upon one of the principal questions of fact litigated upon the trial, the defendant takes a *general exception* to this part of the charge, in the absence of the whole charge, it must be presumed that the other questions in the case were properly submitted by the other portions of the charge which are not set forth. The defendant, therefore, is in no position to argue, under the exception he has taken, that certain other questions of fact involved in the case, which should have been submitted to the jury. were, by such charge, withdrawn from their consideration, for the reason that no request was made for such submission.

A plaintiff may recover in an action against a *stockholder* of a manufacturing or mining company organized under the act of 1848, and subsequent amendments—having previously recovered judgment against the company, where his services were obtained and performed in the capacity of a *servant*—such as a sort of engineer, a sort of foreman—showing the men how to work and working with them, and during the absence of the superintendent to act in the latter capacity, &c.

*General Term, May,* 1871.

*Before* BARBOUR, *Ch. J.,* FREEDMAN, *and* SPENCER, *JJ.*

THIS action was brought to charge the defendant as a stockholder of the New York and Galena Lead Mining Company for a debt due to the plaintiff from the company, under the 18th section of the act relating to manufacturing and mining companies, passed in 1848, and subsequently amended.

The plaintiff having first recovered a judgment against the corporation, upon which an execution had been issued and returned unsatisfied, brought this action against the defendant as a *stockholder,* to recover the sum of $4,427 80.

The defendant, by answer, admitted being a stockholder, but denied all other allegations of the complaint, and then

set up payment, and also, that the suit against the company had not been brought within one year after the debt became due to plaintiff.

Upon the trial, plaintiff proved his employment by the company, through one Lestrade, the superintendent of the company, the services rendered by him, the terms on which he was employed, his account as certified by the superintendent of the company, the recovery of judgment upon the merits after trial against the company, the judgment roll and execution and return *nulla bona.*

The defendnat claimed, that plaintiff was employed by Lestrade on his individual account, and not in behalf of the corporation.

At the close of the evidence upon both sides, defendant's counsel requested the court to charge:

1. That the services claimed to have been performed by plaintiff, not being labor, in the restricted sense intended by the statute, do not entitle the plaintiff to recover against a stockholder under the statute, making a stockholder of a company individually liable for labor performed for the company.

2. That the defendant is not liable under the statute for any debt due from the company to the plaintiff for any services rendered by the plaintiff as engineer or superintendent of the company.

The court refused so to charge, and defendant excepted.

The court charged the jury, among other things:

" If you find, that Lestrade was the agent of the company, and as such authorized to employ this plaintiff to perform work and services for the company, you will render a verdict for the plaintiff for the sum of $1,400 00 with interest from the time of the demand," to which portion of the charge defendant excepted.

The jury found a verdict for the plaintiff of $847 00, upon which judgment was entered.

The appeal is from the judgment, and also from the order denying defendant's motion made upon the judge's minutes, to set aside the verdict as against evidence.

ERASTUS COOKE, *counsel for appellant.*
FREDERICK R. COUDERT, *counsel for respondent.*

*By the Court,* FREEDMAN, *J.*—Under the 18th section of the act authorizing the formation of mining and other companies (*Laws of* 1848, *p.* 54; *II Rev. St., 5th ed., p.* 662, § 41), the plaintiff claimed to recover from the defendant as a stockholder, a balance due him, for services rendered between March, 1865, and March, 1867, to "The New York and Galena Lead Mining Company," as a servant, for which he had previously recovered a judgment against the corporation amounting to $4,427 80. As section 24 of the same act provides that no stockholder shall be personally liable for the payment of any debt contracted by the company, which is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought against the company within one year after the debt shall become due, and in as much as the proof on the trial showed that the suit against the company was commenced on the 30th of November, 1867, the learned judge who tried this case restricted the recovery of the plaintiff against the defendant to the last seven months' service, which ended on the first day of July, 1867, and directed the jury, in case they should find certain facts, to render a verdict for the plaintiff of $1,400 00, with interest.

The jury, notwithstanding they found the said facts in plaintiff's favor, returned a verdict for $847 only. But if any one can complain of the restriction imposed by the court and the unwarranted action of the jury, it is certainly not the defendant.

Defendant's exceptions, to the exclusion of evidence offered

by him, with a view to show that the company was organized for the benefit of a particular individual, do not require to be specially noticed, the said evidence being wholly irrelevant and immaterial.

The exception taken by the defendant to that portion of the charge contained in the printed case is equally unavailable. One of the principal questions of fact litigated upon the trial was whether plaintiff had been employed by Lestrade, the superintendent of the company, on his individual account, or for the company. The court, therefore, very properly charged that if the jury should find that Lestrade was the agent of the company, and as such authorized to employ the plaintiff to perform work and services for the company, it was their duty to render a verdict for the plaintiff. Under a general exception to this part and in the absence of the whole charge, it must be presumed that the other questions in the case were properly submitted by the other portions of the charge, which are not set forth. And although plaintiff's counsel consented on the argument of the appeal that such part be taken and considered as the whole and only charge delivered, the defendant is, nevertheless, in no position to argue under the exception taken by him, that certain other questions of fact involved in the case, which should have been submitted to the jury, were by such charge withdrawn from their consideration, for the reason that no request was made for such submission (*Schroff* agt. *Bauer, decided by this court April* 1*st,* 1871, *and authorities there cited*). In the absence of such a request, it seems to me, the learned judge below would have been justified, as the evidence stood and under the view which was taken of the law, to dispose of the entire case by directing absolutely a verdict in plaintiff's favor.

This brings up the main question of law involved in the case, which is presented chiefly by the exceptions of the defendant, taken to the refusal of the court to charge certain

requests, namely: whether plaintiff in the performance of the services rendered was or was not a servant within the true intent and meaning of the 18th section of the statute referred to, which provides that the stockholders of any company organized under the provisions of said act shall be jointly and severally, individually, liable for all the debts that may be due to all their laborers, servants, and apprentices, for services performed for such corporation. The cases cited by defendant in opposition to plaintiff's claim upon this point, did not arise under the same, but under other and different statutes, for the passage of which entirely different reasons may have existed. They have all been considered, and held inapplicable to a case of this kind, in *Hovey* agt. *Ten Broeck*, (3, *Robt.* 316,) where it was decided by this court that the word "servant," as used in the statute under consideration, cannot be confined to mere menial service. According to the testimony, plaintiff was employed to do, and did do, everything he was told to do. He was a sort of engineer, a sort of foreman; he showed the men how to work and yet worked with them; during the absence of the superintendent from the mines he was made to act as such; he sometimes kept the time of the men, and, in fact, did everything he was ordered to do, and everything that was necessary and possible for him to do. He is therefore clearly entitled to the application of the rule laid down in *Hovey* agt. *Ten Broeck* (*supra*), unless, as it is claimed, that case has been reversed as an authority, upon the point stated, by the decision of the court of appeals in *Coffin* agt. *Reynolds*, (37 *N. Y.*, 642). Upon examination it will be found, however, that such is not the fact. The latter case simply decides that a secretary of a company organized under the act of 1848, being an *officer* thereof and belonging as such to a class of agents specifically mentioned in other sections of the statute, does not come within the designation of a laborer or servant, as used in the 18th section. This distinction is a marked and

material one, and not in conflict but in harmony with the views expressed by this court in *Hovey* agt. *Ten Broeck (supra)*.   *Williamson* agt. *Wadsworth* (49 *Barb.* 249), is another express authority under the statute in question, in plaintiff's favor.

The judgment and order appealed from must be severally affirmed with costs.