<table>
<tr><td>29</td><td>39</td></tr>
<tr><td>73</td><td>331</td></tr>
</table>

## SENECA M. SHORT, Plaintiff, *v.* JOSEPH MEDBERRY, Defendant.

*Manufacturing corporation — who is a laborer or servant within the meaning of section 18 of chapter 40 of 1848 — an action against a stockholder must be brought within one year from the maturity of the debt.*

The plaintiff's assignor applied to the Rochester Frear Stone Company, a corporation organized under chapter 40 of 1848, for a situation and was told that one would be given to him if he would procure a loan of $3,000 for the company. He procured the loan and began to work for the corporation at a salary of $1,000 a year, payable monthly or as he wanted his pay. He acted as foreman, took part in the manual labor required to manufacture the stone, kept the time of the men, solicited orders; collected bills and did whatever was required of him by the secretary of the company, who acted as its general superintendent.

*Held*, that the plaintiff's assignor was a laborer or servant within the meaning of section 18 of the said act, making the stockholders personally liable for his wages.

The action was brought November 13, 1878, to recover for services rendered between April 12, 1875, and November 1, 1878.

*Held*, that under section 25 of the act, as the salary was payable monthly, only so much thereof could be recovered as became due within one year prior to the time of bringing the action.

Motion by the defendant for a new trial, on exceptions taken at the Monroe Circuit and ordered to be heard in the first instance at the General Term.

The action was brought by the plaintiff, as the assignee of one Curtis, to recover an amount due for services rendered by him as

a laborer or servant to a corporation between April 12, 1875, and November 1, 1878.

*W. W. Webb*, for the plaintiff.

*H. H. Woodward*, for the defendant.

SMITH, P. J.:

This action was brought to enforce the personal liability of the defendant as a stockholder of the Rochester Frear Stone Company, a corporation formed under chapter 40 of the Laws of 1848, for services alleged to have been rendered by the plaintiff's assignor as a "laborer" and "servant" in the employ of said company. Judgment had been recovered against the company upon the claim and an execution returned unsatisfied. The answer of the defendant admitted that he was a stockholder of the company and took issue with the other material allegations in the complaint.

One of the questions raised by the exceptions is whether the plaintiff's assignor, Lewis Curtis, rendered services for the corporation as a "laborer" or "servant," within the meaning of section 18 of the act referred to. Curtis applied to the company for a situation and was told they would give him one, if he would procure them a loan of $3,000. He procured the loan, and began work for the company at $1,000 a year, payable monthly or as he wanted his pay. He acted as foreman, took part in the manual labor required to manufacture the stone, kept the time of the men, solicited orders, collected bills, and did whatever was required of him. The secretary and treasurer of the company acted as general superintendent and Curtis was under his directions.

We are inclined to think that Curtis is to be regarded as a laborer or servant within the meaning of the section cited. He rendered manual service of the same kind as that performed by the other laborers in the employ of the company, and it seems to have been one of his principal duties and not a mere incident to his position. The plaintiff's contention on this point seems to be supported by the cases of *Conant* v. *Van Schaick* (24 Barb., 87); *Williamson* v. *Wadsworth* (49 id., 294); *Hovey* v. *Ten Broeck* (3 Robt., 316), and *Vincent* v. *Bamford* (42 How. Pr., 109). The cases cited by the counsel for the defendant differ from the case before us. In *Aikin*

v. *Wasson* (24 N. Y., 482), and *Balch* v. *New York and Oswego Midland Railroad Company* (46 id., 521), the claim was for work done by a contractor. *Hill* v. *Spencer* (61 N. Y., 274), and *Krauser* v. *Ruckel* (17 Hun, 463), were cases of a general superintendent or managing agent having control of mines at a distance from the office of the company. *Dean* v. *De Wolf* (16 Hun, 186) was the case of an assistant superintendent with like powers. And in *Coffin* v. *Reynolds* (37 N. Y., 640), the services were those of the secretary of the corporation. Curtis was neither contractor, officer or general superintendent, and although his duties were not specifically defined, prominent among them was the doing of manual labor in the manufacturing business of the company, in common with other laborers in its employ.

The defendant's counsel contends that the case is not within the statute, because the employment of Curtis was upon the condition of his obtaining a loan of money for the company. But it does not appear that the amount of his compensation was increased by the fact he was to procure the loan; no time was fixed during which the engagement was to continue; and for aught that appears the sum agreed to be paid was no more than a reasonable compensation for his services, aside from the procuring of the loan. The circumstance that in addition to performing the duties of his position, he stipulated to do something more, for the advantage of the company, ought not to deprive him or his assignee of the benefit of the statute if he is otherwise entitled to it. Again, Curtis continued to labor for the company for more than three years, and the claim in suit is for his services during the last year of the term, and as there was no new agreement, and the hiring was impliedly from year to year, the agreement to procure the loan which was executed by him at the beginning of the first year, was no part of the consideration for the wages agreed to be paid him in the subsequent years.

There are several exceptions to evidence, but on examining them we find they point to no error.

The recovery, however, is for too large a sum. By section 24 of the act of 1848, it is a prerequisite to the liability of a stockholder that a suit for the debt be brought against the company within one year after the maturity of the debt. Curtis' suit against

the company was brought 13th November, 1878. As his salary was payable monthly, the statute bars the entire claim, except for the last eleven monthly instalments, amounting with interest to the date of the verdict to $1,073.56, and to that sum the recovery should be reduced. As the plaintiff's counsel was understood to consent, on the argument, that such reduction should be made, the motion for a new trial is denied, and judgment for that sum is ordered for the plaintiff on the verdict, the order to be entered herein to direct that the verdict be so reduced.

HARDIN, J., concurred; MACOMBER, J., not sitting.

Verdict reduced to $1,073.56, as of the date of the verdict, and a new trial denied, and judgment ordered for that sum on the verdict.