HERBERT BOOTH KING, APPELLANT, v. WILLIAM F. DUNCAN, RESPONDENT.

*Manufacturing corporation — liability of its stockholders under section 10 of chapter 40 of 1848.*

Section 10, chapter 40 of 1848 provides that "all the stockholders of every company, incorporated under this act, shall be severally individually liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company shall have been paid in, and a certificate thereof shall have been made and recorded, as prescribed in the following section; and the capital stock so fixed and limited shall all be paid in, one-half thereof within one year, and the other half thereof within two years from the incorporation of said company, or such corporation shall be dissolved."

*Held,* that a creditor who had recovered a judgment against a corporation, and had issued an execution thereon which had been returned unsatisfied, was not required to wait until the period prescribed by the statute, within which the capital stock should be paid in full, had expired, before bringing an action to enforce the individual liability of its stockholders.

*Phillips* v. *Therasson* (11 Hun, 141) distinguished.

APPEAL from a judgment, entered upon the dismissal of the complaint by the court, at the New York circuit.

*N. A. Halbert,* for the appellant.

*E. F. O'Dwyer,* for the respondent.

DAVIS, P. J.:

The defendant was sued in this action as a stockholder of a corporation called the Manhattan Anti-Sewer Gas Company, organized under the provisions of the act of 1848, authorizing the formation of companies for manufacturing purposes. (Laws of 1848, chap. 40.) The company became indebted to the plaintiff, and an action was brought against it for the recovery of the indebtedness, judgment recovered and after the return of an execution unsatisfied, this suit was brought against the defendant, as a stockholder. The articles of incorporation were filed in the office of the clerk of the city and county of New York, on the 20th day of April, 1883. They state that the capital stock of said company is $600,000, divided into 30,000 shares of twenty dollars each. The complaint avers that the capital stock had not been paid in. The tenth section of the act of 1848 enacts as follows:

" Sec. 10. All the stockholders of every company incorporated under this act shall be severally individually liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by such company, until the whole amount of capital stock, fixed and limited by such company, shall have been paid in, and a certificate thereof shall have been made and recorded, as prescribed in the following section ; and the capital stock, so fixed and limited, shall all be paid in, one-half thereof within one year, and the other half thereof within two years from the incorporation of said company, or such corporation shall be dissolved."

The defendant was a stockholder of the corporation to the amount of $20,000. The proceedings on the trial are stated in the case as follows: "After the jury had been impanneled and sworn, and before the case had been opened to the jury, and before any evidence had been introduced, defendant's counsel moved, upon the pleadings herein, to dismiss plaintiff's complaint, on the ground that it appeared upon the face thereof that the two years had not expired since the formation of the company, and the commencement of this action, during which the capital stock of said company was required to be paid, as provided by section 10 of the act of 1848, for the formation of corporations, under which said company was organized. After hearing the plaintiff's counsel in opposition, the court granted the motion and dismissed plaintiff's complaint, with an allowance to defendant of five per cent, to which decision and ruling of the court plaintiff's counsel duly excepted."

This appeal presents, therefore, the simple question whether or not the creditor of such a corporation, after recovering a judgment against a corporation, and after the return of an execution unsatisfied, must wait until the expiration of two years after the formation of such corporation before he can bring an action against its stockholders. This question would seem to be answered by the very plain language of the statute, which declares that such stockholders shall be severally and individually liable for all debts and contracts made by such company until the whole amount of capital stock fixed and limited by such company shall have been paid in and a certificate thereof made and recorded. This liability attaches at once upon the incurring of the debt by the company unless the whole amount of the capital stock shall then have been paid in, and it continues to attach to all the debts so incurred until the capital shall be paid in; and it is not at all affected, in our judgment, by the additional provision of the act which requires, under penalty of a dissolution of the corporation, that the capital stock shall be all paid in, one-half within one year, and the other half within two years from the incorporation of the company. The liability is, however, qualified by section 24 of the same act, which provides that a stockholder shall not be liable for the payment of any debt contracted by the company which is not to be paid within one year from the time the debt is contracted, and qualifies the remedy

upon such a debt by requiring the bringing of a suit against the company within one year after the debt shall have become due, and prescribes the time within which a suit shall be brought against a retiring stockholder, and requires the return of an execution against the company unsatisfied in whole or in part. Subject to these statutory limitations and qualifications, the liability of a stockholder, before the capital shall have been paid in, stands upon a similar footing to that of partners in any company or association not incorporated. This has been adjudged in many cases. (*Allen* v. *Sewall*, 2 Wend., 327; *Moss* v. *Oakley*, 2 Hill, 265; *Corning* v. *McCullough*, 1 Comst., 47; *Harger* v. *McCullough*, 2 Denio, 119; Angel & Ames on Corp. [9th ed.], § 624; *McKinney* v. *Phillips*, 24 Barb., 87.)

It is supposed by the counsel for the respondent that in *Phillips* v. *Therasson* (11 Hun, 141), this court had given a contrary construction to the statute. The supposition is erroneous. The question there disposed of was, when the statute of limitations began to run in favor of a continuing stockholder; and the question whether an action could or could not be brought before the expiration of two years within which the stock must be fully paid in or the charter forfeited was not presented for consideration, although some of the language of the opinion, in discussing the particular facts of that case, may perhaps be so understood. In that case the action was commenced more than seven years from the time limited for the payment of the capital stock and more than nine years after the formation of the company.

We have no doubt that the court below erred in its determination of the question presented in this case.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.