### CLOSE v. POTTER. SAME v. BEALS. SAME v. MILLRING.

(Superior Court of Buffalo, General Term. December 21, 1892.)

1. CORPORATIONS—LIABILITY OF STOCKHOLDERS—REPEAL OF STATUTE.
Laws 1848, c. 40, § 10, making stockholders of a corporation organized thereunder "severally" liable to the creditors to an amount equal to their stock for all debts and contracts made by the company until all its capital stock should be paid in, if (section 24) the debt should be payable in one year from the time it should be contracted, and if an action therefor should be brought within one year from its becoming due, was not repealed, so as to destroy the existence of a corporation organized thereunder, by Laws 1890, c. 564, making (section 57) stockholders "jointly and severally" liable, and (section 58) extending the time for the debt to be made payable, and for an action to be brought thereon in order to render a stockholder liable, to two years, since section 72 provided that the act should be considered a continuation of the old laws, modified or amended, and not as a new enactment.

2. SAME.
Even without section 72, so continuing the old laws, it could not be presumed, unless such intention clearly appeared, that the legislature intended to repeal the prior law so as to destroy the corporate existence of companies organized under it.

3. SAME.
Nor were corporations organized under the act of 1848, and within the operation of the act of 1890, affected by Laws 1892, c. 688, re-enacting the act of 1890 without essential change, since Laws 1892, c. 677, § 32, provided that the revised act, so far as it was substantially the same as the statute existing at the time it took effect, should be construed as a continuation, and not as a new enactment.

4. SAME—CONSTITUTIONAL LAW.
Even without the continuing act, the law of 1892 could not affect liabilities of stockholders of a corporation to its creditors, where the debts were contracted before it took effect.

Three actions by Charles J. Close against Edward W. Potter, Pascal P. Beals, and William J. Millring, respectively, to enforce defendants' liability as stockholders of the American Bit Brace Company. Defendants demurred to the complaints. Demurrers overruled.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

Simon Fleischmann, for plaintiff.
Frank F. Williams, for defendants.

TITUS, C. J.    The above cases, involving the same question, were all argued at the same time.    But one brief was furnished,—that in the case of Charles J. Close against Edward W. Potter.    The questions arise upon a demurrer to the plaintiff's complaint.    The plaintiff in his complaint claims that on the 12th day of December, 1887, the American Bit Brace Company was organized under the act to authorize the formation of corporations for manufacturing, mining, mechanical, or other purposes, passed February 17, 1848; that the capital stock of the company is $50,000, but that the whole amount of the stock has not been paid in, and that no certificate has ever been filed as required by law; that on the 2d day of January, 1892, $10,000 was advanced and loaned to the company, it in return giving its note for that amount, and that the plaintiff is the owner and holder of it; that after the note became due, and on May 23, 1892, the plaintiff brought an action against the American Bit Brace Company on the note, and recovered a judgment for the amount, with interest and costs; that the judgment was docketed and execution issued to the sheriff of Erie county, where the company has its place of business, and the same was returned wholly unsatisfied; that at the time the debt was contracted by the company the defendant Potter was a stockholder to the amount of $2,400,—and demands judgment for $2,400.    The defendant demurs to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action.    The only question which the defendant raises by the demurrer in his brief is that chapter 40 of the Laws of 1848, which is the act under which the American Bit Brace Company was incorporated, has been repealed, and the corporate existence of the company, after the revision of the corporation laws took effect, namely, on May 1, 1891, has ceased, and that at the time this debt was incurred, on the 2d day of January, 1892, the company had no legal existence, and consequently no authority to create any liability against the company upon which a stockholder can be held.    By section 10 of the act of 1848 "stockholders shall be severally individually liable to the creditors of the company of which they are stockholders to an amount equal to the amount of stock held by them respectively for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company shall have been paid in."    Section 24 of the same act provides:    "No stockholder shall be personally liable for payment of any debt contracted by any company formed under this act which is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought against such company within one year after the debt shall become due; and no suit shall be brought against any stockholder who shall cease to be a stockholder in any such company for any debt so contracted, unless the same shall be commenced within two years from the time he shall have ceased to be a stockholder in such company."    In 1889 the legislature passed an act (chapter 289) to revise and consolidate the general

statutes of the state relating to the organization, government, and control of corporations, and other statutes. In 1890 the commission appointed in pursuance of this act reported to the legislature various acts relating to corporations. These acts, on an examination, appear to be substantially the same as the corporation laws which they are intended to supersede. In some instances amendments have been introduced, and modifications made, to the language used in former acts. These acts are practically a consolidation and revision of the statutes of the state, evidently following a systematic plan adopted by the revisers. Chapter 564 of the Laws of 1890 is the act which has reference to stock corporations, and is the only one which it is necessary to consider here. Section 72, relating to the construction of the act, provides that the act "shall be construed as a continuation of such laws, modified or amended, and not as a new enactment." By this act, chapter 40 of the Laws of 1848 is repealed. Section 57 is a re-enactment of section 10 of chapter 40 of the Laws of 1848, with a slight amendment. It provides: "The stockholders of every stock corporation shall jointly and severally be personally liable to the creditors to an amount equal to the amount of stock held by them respectively for all debts and contracts made by the corporation until the whole amount of its capital stock shall have been paid in." Section 58 is a re-enactment of section 24 of the act of 1848, and provides that "no stockholder shall be personally liable for any debt of the corporation not payable within two years from the time it is contracted, nor unless an action for its collection shall be brought against the corporation within two years after the debt becomes due." It will be seen that the only changes made in these sections are that, while the act of 1848 made the stockholders severally liable, the act of 1890 created a joint and several liability, and instead of the stockholder being liable for the debt of the corporation not payable within one year, the amendment extends it to two years; and the same is true of the right to bring an action against the corporation, being extended to two years, instead of one, as provided by the act of 1848. Section 72 provides what construction shall be placed upon the act itself, namely, that it shall be considered as a continuation of such laws, modified or amended, and not as a new enactment. This, of itself, is sufficient authority for holding that the law of 1848 was not repealed by the act of 1890 so as to affect companies organized under it.

Independently of this saving clause, it cannot be presumed that the legislature intended to repeal the act under which the American Bit Brace Company was incorporated, in the sense that it is now without corporate existence, and not subject to the general law governing corporations. Such a construction would work great harm and confusion to the business interests of the state, and is not to be so construed unless it can be clearly seen that the legislature intended such a result. It is rather to be construed in harmony with the general policy of the legislature to revise and consolidate the General Statutes, re-enacting and continuing them, without affecting the rights of corporations organized under them. The repealing clause of the act took effect simultaneously with the re-enactment of the statute, and did not affect existing corpora-

tions,. except so far as it amended or modified the law under which they were incorporated.    People v. Bell, (City Ct. Brook.) 4 N. Y. Supp. 869.

The only change made by the new act, so far as it is applicable here, was to make stockholders jointly and severally liable, when before they were severally liable, and extending the limit to debts not to be paid within two years from the time such debts became due.    The debt which is sought to be recovered here originated in January, 1892, and is subject to the new provisions of the new act.    The change in limitation made by the act of 1890 does not affect the question here, because it enlarges the time in which a party may act, and either under the act of 1848 or 1890 the plaintiff has commenced his action in time.    The debt was payable within one year from the time it was contracted, and the year has not elapsed.    The action was commenced on the note on the 23d of May, 1892,—less than five months from the time the note was given.    The legislature of 1892, by chapter 688, re-enacted the act of 1890 without any essential change in the language of the statute, and did not, except by implication, repeal the act; but by chapter 677 of the same year (section 32) it was enacted that, so far as the revised act was substantially the same as the statute existing at the time the act takes effect, it shall be construed as a continuation, and not as a new enactment; so that in any event the acts of 1892 can have no effect upon the rights of the party to this action, because the statute itself has provided a rule of construction which the court must follow.    This would be so in the absence of the continuing act.    The rights of the parties had become fixed before the act took effect, and the defendants' liability must be measured by the law as it stood when the debt was contracted, and no act of the legislature can have the effect to change or affect the existing liability.    People v. Supervisors of Westchester Co., 4 Barb. 64; Conant v. Van Schaick, 24 Barb. 87; Story v. Furman, 25 N. Y. 214; Town of Cherry Creek v. Becker, 123 N. Y. 161, 25 N. E. Rep. 369.

The claim made by the defendant that by chapter 567 of the Laws of 1890 corporations may reorganize, and that the American Bit Brace Company has not reorganized under that act, and has no legal existence, is not well taken.    It has already been seen that no reorganization was necessary; that the act was not repealed so as to affect the rights of corporations organized under it; but chapter 567 of the Laws of 1890 has reference especially to business corporations, and not to such as are organized under the stock corporation law of 1848.    Besides, the language is permissive.    The statute leaves it optional with the stockholders whether they will reorganize or not, and, in case the corporations provided for under that act did not reorganize, their corporate existence is not affected by such lack of reorganization..    The cases cited by the defendant to sustain this proposition are not applicable, for the reason, as has been said, that corporations organized under the act of 1848 are not affected by the repealing clause of the act of 1890.

The defendant claims that the stock corporation laws of 1890 were expressly repealed by chapter 687 of the Laws of 1892.    I do not find

such to be the case, unless it is by implication. Undoubtedly the act of 1890 has been superseded by the more recent act of the legislature; but, assuming that it is repealed, I do not think it helps the defendant in his contention, for the same reason which has been stated with reference to the effect of the act of 1890 upon the act of 1848. But by chapter 677 of the Laws of 1892, known as the "Statutory Construction Act," (section 31,) it is provided that the repeal of a statute shall not affect or impair any act done, or right accrued, or liability incurred, but that the same may be asserted and enforced as fully and to the same extent as if such repeal had not been effected. These revision acts of 1892 were all passed and took effect on the same day, and they should all be construed together, as such evidently was the intent of the legislature. This disposes of the questions raised by the defendant, and, if the law has been correctly stated, it leads to the conclusion that the demurrer is not well taken. I think, therefore, that the demurrer should be overruled, with leave to the defendant within 20 days to answer on payment of costs. All concur.