Warner agt. The Hudson River Rail Road Company.

5 How. 454-*Contra*, 9 How. 217.

## SUPREME COURT.

WARNER agt. THE HUDSON RIVER RAIL ROAD COMPANY.

The Hudson River Rail Road Company, under their charter, and to the extent therein specified, are directly liable for all sums due to "laborers" upon their work, in all cases of non payment by the contractors.

And the term "laborers" includes not only those who personally perform labor, but all who do so by their servants and agents; also all superintendents over others engaged in actual labor upon the road.

*Columbia Circuit, January* 1851.   The plaintiff claimed to recover $89·25, for 29¾ days labor, performed by the plaintiff with his team, on section 85 of the defendants' rail road, between the first day of August and the twelfth day of September 1850.   The work was alleged to have been performed under one of the de-

Warner agt. The Hudson River Rail Road Company.

fendants' contractors, and that on the 20th of September the notice required by the 5th section of the act amending the defendants' charter (*Sess. Laws* 1850 *p.* 14) was duly served.

The plaintiff also alleged that the defendants had, in like manner, become indebted to Henry A. Best in the sum of $55·50 for eighteen and a half days labor performed upon the defendants' road, under a contractor, between the 15th of August and the 12th of September 1850. This debt had been assigned by Best to the plaintiff. The work was alleged to have been performed by Best with his servant, horses and team. The requisite notice was given on the 19th of September.

The plaintiff also alleged that the defendants were indebted to one William H. Warner in the sum of $40·35, for thirty days labor performed by him between the first of August and the 12th of September, of which due notice had been given. This demand had also been assigned to the plaintiff. It was admitted upon the trial that William H. Warner had been employed by the contractor as an overseer. The facts above stated were also admitted, except that by consent of counsel, the amount of the several claims is to be adjusted after the decision of the legal questions presented in the case.

THEODORE MILLER, *for Plaintiff.*

C. L. MONELL, *for Defendants.*

HARRIS, Justice.—I regard the statute under which this action is brought, as highly remedial in its character. The legislature, aware of the condition and habits of that class of persons usually engaged in the construction of public works, have sought to protect them against the fraud or insolvency of their immediate employers. The purpose was benign, and the act should be liberally construed.

The important terms used in the act are, "*contractors*" and "*laborers*." By the first, I think, we are to understand all such persons as assume to perform a specified portion of the work; and that, too, whether such persons have contracted with the defendants; or with other persons who have contracted with the

defendants. In other words, I think the word "contractors," as used in the act, is to be understood to embrace all who employ "laborers" in the construction of the work, whether they be original or sub-contractors. So too, I think, the word *"laborers"*, in contradistinction to the word "contractors" is intended to include such persons as, upon the employment of contractors, actually engage in the construction of the work. This, then, was the purpose of the legislature. It was intended that the defendants should see to it, that, at least to the extent specified in the act, those who actually performed their work, and not the contractors, upon whose employment it had been perfomed, should be paid for it. The language of the section containing this provision, though not very perspicuous, is sufficiently indicative of this intention. The defendants are, to the extent specified, to be liable for the payment of all sums due to "laborers" "in all cases of non payment by the contractors." Whenever any *contractor* employing *laborers* upon the defendants' work is indebted to such laborers, the latter, by pursuing the course prescribed, may, to the extent specified, make the defendants liable for their debt.

The application of the statute, thus construed, to the case in hand, would sustain the plaintiff's right to recover upon all the claims stated in the complaint. Whether the laborer (by which term, as we have seen, is to be understood the man who performs the work upon the employment of another who has engaged that it should be performed), whether he performs the work with his own hands, or with the hands of another man; whether he uses his spade and wheelbarrow, or his horses and wagon; whether he perform the work in person, or by his servant, he is equally a laborer within the intent and spirit of the statute, and entitled to its benefit. And so too, in whatever capacity he is employed. He who is employed to superintend others who are engaged in the actual labor of constructing the road, is as much a laborer, within the meaning of the statute, as those whom he superintends.

The counsel for the defendants relies upon the case of Wood vs. Donaldson (17 *Wend.* 550), and the same case in error (22 *Wend.* 395), to sustain the position that the defendants are not

Warner agt. The Hudson River Rail Road Company.

liable for debts due to laborers employed by sub-contractors. But to me the analogy between that case and the one under consideration, seems very slight. That was a case arising under the New York *lien law.* The remedy which that law provided was a remedy between debtor and creditor merely. It made the debts of certain creditors' privileged debts, and provided for their payment out of a fund belonging to the debtor. The very principle upon which that law was founded excluded sub-contractors from its operation. The principle was, that the moneys due from the owner of the building to the person with whom he had contracted should be paid to certain creditors of such persons, upon their application in the manner prescribed. It was not intended that the owner should, in any case, incur any new liability, or, in any event, pay more than he owed. The sole object of the law was to enable the creditor of the party to whom the owner of the building was indebted, to obtain payment out of that debt in certain cases. But here a liability is created by the statute, without reference to any indebtedness of the defendants to any one. It is enough that labor has been performed upon their road, and that the laborer has not been paid. The legislature, no doubt, supposed that when such a liability was imposed for the benefit of the " *operatives*" upon their road, the defendants would, as well they might, provide for their own indemnity in the contracts they should make for the construction of their work. But whether indemnified or not, they are alike liable, and that liability extends to all debts for labor actually performed in the construction of their road, to the extent limited in the act, when such debts are due from any person who has contracted for the performance of the work, and upon whose employment the labor has been performed Judgment must be rendered for the plaintiff for the amount to which he is entitled upon this construction of the statute. Three other actions against the same defendants were tried at the same time, each involving one or more of the same questions. Each of these cases are disposed of by this decision