ALEXANDER J. COFFIN, Appellant, *v.* JAMES REYNOLDS, Executor, &c., Respondent.

*Practice—Dismissal of Complaint—Powers of Referee—Stockholders' Liability for Service rendered to Corporation.*

Under the Code a referee has a right to dismiss a complaint on the ground that it does not contain sufficient facts to constitute a cause of action.

A secretary of a manufacturing corporation is not a laborer or servant of the corporation in such a sense as to render a stockholder of the corporation liable for his services as secretary, under the 18th Section of the Act authorizing the formation of manufacturing corporations (3d Edm. St. at Large, p. 736).

This action is brought to recover from the estate of Elias Reynolds, who was a stockholder in a corporation called the Westchester Iron Company, an alleged debt of some $1,800, for services claimed to have been performed for the company by Robert J. Coffin, the assignor of the Plaintiff.

The complaint avers that a judgment was recovered in favor of the Plaintiff against the company; the issuing of an execution thereon, and its return unsatisfied; and that the company was indebted to Robert J. Coffin for services as secretary of said company, and otherwise, in the amount claimed.

The cause was referred to a referee, and upon the trial before him, and before any testimony was taken, the Defendant's counsel moved to dismiss the complaint, on the ground that it did not set forth a cause of action, and this for the reason that the complaint does not allege that Coffin performed any services for the Westchester Iron Company as their laborer, servant, or apprentice; and that under the complaint no claim is made, and no evidence can be given of any services by said Coffin as laborer, servant, or apprentice, if any such services were in fact performed. Some other grounds are stated, but, in the view taken by the referee, and upon which he held that the complaint did not state a cause of action, and rendered a judgment dismissing it, with costs, they need not be specially noticed. On an appeal to the General Term,

in the Third District, the judgment was affirmed, and comes to this Court by appeal from the judgment there rendered.

*James Emott* for Appellant.

*R. E. Andrews* for Respondent.

BACON J.—On the appeal to the Supreme Court a question seems to have been made that the referee erred in disposing of the case upon the pleadings. That question is not presented in the Appellant's points, although elaborately argued by the Respondent.

It was clearly right to entertain the application in that stage of the case, since the Code provides that the specific objection that the complaint does not state facts sufficient to constitute a cause of action, need not be taken by answer or demurrer, but is available in any stage of the action. The practice adopted by the referee has been sanctioned by several adjudications, and is very commonly resorted to at the Circuit, sometimes after the evidence is all in, when it performs the office substantially of a motion in arrest of judgment, or for judgment non obstante veredicto, under the old practice, and where the point is plainly and clearly presented in the pleadings, upon the Plaintiff's opening, and without going into evidence at all. (See Gould *v.* Glass, 19 Barb. 195; Ludington *v.* Taft, 10 Barb. 447; Emery *v.* Pease, 20 N. Y. 63.) No evidence which could have been given under the pleadings would have changed the result, and a protracted trial was unnecessary to reach it.

The question involved in this case is simply the true construction of the 18th section of the Act of 1848, authorizing the formation of corporations for manufacturing, mining, and mechanical purposes. That section is as follows : " The stockholders of any company, organized under the provisions of this act, shall be jointly and severally individually liable for all debts that may be due and owing to all their laborers, servants, and apprentices, for services performed for such corporations." The averment in the complaint in this case is, that the debt claimed was due to Robert J. Coffin for services performed by him for the company " as secretary, and otherwise." Does this bring him within the pro-

tection of the statute? It will not, of course, be pretended that he was an apprentice, nor hardly can it be claimed that he was a laborer, and the inquiry is substantially reduced to the question, was he a servant? The point is a narrow one, and hardly calls for or is susceptible of much elaboration, and a few words, it seems to me, will dispose of it.

As an original question of construction, I think the scope and purpose of the statute was to protect the classes most appropriately described by the words used, as those engaged in manual labor, as distinguished from officers of the corporation, or professional men engaged in its service; in short, to furnish additional relief to a class who usually labor for small compensation, to whom the moderate pittance of their wages is an object of interest and necessity, and who are poorly qualified to take care of their own concerns, or look sharply after their employers.

A secretary is an officer of the company, not only appurtenant to such corporations as matter of common arrangement and experience, but spoken of in the act under which these corporations are organized. The allegation that Coffin performed services as secretary was not, therefore, an allegation that he was a servant of, or laborer in the employment of the company; neither did the words, " and otherwise," enlarge the scope of the claim. The Defendant, if liable, is so strictly under the provision of the statute; and the necessary condition to a recovery for services claimed to have been performed is, that they must have been rendered by one who is a laborer, servant, or apprentice. The complaint, in order to attach a liability to a stockholder, must show services of the particular kind designated in the statute, and the words, " and otherwise," are either insensible, and to be rejected when sought to be applied to a stockholder's liability, or they must be considered as referring to services performed in the several capacities enumerated by the statute, which brings us directly back to the question with which we started.

If we were to attach to these words any larger meaning, we should be giving the statute a construction which would make it cover every kind of service, while its plain import and intent is to

afford protection to a specific class, enumerated with care and discrimination.

An admission that Robert J. Coffin performed services for the company otherwise than as a secretary, may. very well be made, and yet that admission will not charge this Defendant, who can only be made liable for that particular kind of service which the statute specifies. In short, no cause of action arising under, or created by a statute, is stated, unless the complaint of the party seeking by its aid to recover, brings his case clearly within it.

Upon the cases, so far as they have spoken of this question, the weight of authority is, I think, decidedly with the Defendant. In Conant *v.* Van Schaick (24 Barb. 87), the claim was made under the general railroad act of 1850, attaching liability to the stockholders of railroad incorporations for debts due to any of its "laborers or servants," for services performed for the corporation. The Plaintiff sought to recover for services performed by him as a civil engineer for the company, and for the services of a roadman employed by him. The Court held the Defendant liable, on the ground that Conant was a servant of the company; but in ·the opinion the Court is careful to note a distinction which exists in this case, to wit: that the words of the statute will "apply to all persons employed in the service of the company who have not a different proper and distinctive appellation, such as officers and agents of the company." In Ericsson *v.* Brown (38 Barb. 390) the action was brought by a consulting engineer against the Defendant, as stockholder in a company where the liability imposed was for debts due to "the laborers and operatives" of the corporation. The language is not as broad as in the case before us, but the Court held that the Plaintiff was not within the words or spirit of the act; that his services were professional, as distinguished from manual, and that the statute was intended to protect men who work with their hands, rather than their heads. While, therefore, the services of the Plaintiff might involve some manual labor, that was the incident rather than the principal of the service. The case, while it differs from the one at bar, circumstantially enunciates a principle clearly applicable to it.

But in Aiken *v.* Wasson (24 N. Y. 482), the Court of Appeals gave a construction to the words, "laborers and servants," as used in the general railroad act, which harmonizes entirely with the judgment rendered in this case. It was there held that a contractor for the construction of a part of the road of the company was neither a laborer nor servant within the act. Judge Selden says the policy of the Legislature was to throw a special protection around that class of persons who should actually perform the manual labor of the company. He adds, what is very pertinent to this case, that "in some very extended sense the directors and other principal officers of the corporation may be considered as its agents and servants, and yet no one would contend that the provision was for their benefit. The word 'servants' is qualified, and to some extent limited, by its association with the word 'laborers,' according to the maxim noscitur a sociis." If a contractor, who not only oversees and directs labor, but usually performs a part of it himself, is not a servant, surely a secretary, an officer of the company, whose duties involve ordinarily a minimum amount either of head or hand work, comes very far short of being embraced in that class.

The only case having a semblance of authority to the contrary is Richardson *v.* Abendroth (43 Barb. 163).

No opinion is given in the report of that case, but allusion is made to one which seems to have been rendered on some former occasion, and by which Judge Allen, who tried the cause, felt himself concluded, for he says the law of the case then before him was, that the secretary of a manufacturing company, under the law of 1848, is a servant within the 18th section of that act. He held the Defendant was not liable, upon another ground, and his decision was affirmed by the General Term in the First District, upon the ground stated by him; and no reference is made to the other point.

It would have been more satisfactory if the opinion to which allusion is thus made, if in point of fact any was ever given, had been reported or furnished in some form to the Court, that we might have duly weighed and appreciated the grounds on which

it proceeded. In the absence of such an opinion, the case can hardly be regarded as an authority, or if entitled to consideration, must be deemed quite outweighed by those we have cited, and which conduct us to a different conclusion.

I am also of opinion that it was a condition precedent to the liability of the Defendant that an action should have been commenced against the corporation within a year after the debt became due. There is no averment in the complaint to that effect, nor is anything stated from which it can be learned when the debt accrued. Without such an averment, no liability on the part of this Defendant is shown.

The judgment should be affirmed.

GROVER, J.—Two questions are presented by the exceptions taken by the Appellant in this case. First, whether a referee, upon trial of issues of fact, has power to dismiss the complaint upon the ground that it does not contain facts sufficient to maintain an action ; second, if such power is possessed, whether the facts set out in the complaint in the present case show a cause of action ?

As to the first question, there can be no doubt. An examination of the Code, from § 143 to 148, will show that the objection is not waived by failing to present it either by demurrer or answer.

All that the Plaintiff is entitled to prove, to establish his right of action, are the facts contained in the complaint; and it would be absurd to hold that the referee could not dismiss the complaint, but, after the facts were proved, might nonsuit the Plaintiff on the ground that the proof failed to show a right of action.

In trials before referees judgment is entered upon the report, and there is no opportunity to move in arrest, on the ground that the complaint shows no cause of action. It therefore follows that the referee may dismiss the complaint on this ground.

The possession of this power by the referee was assumed in Emery v. Pease (20 N. Y. 62 ; see also Ludington v. Taft, 10 Barb. 447 ; and Gould v. Glass, 19 Barb. 195).

The real question in the case is, whether the facts set out in the complaint showed a right of recovery by the Plaintiff against the Defendant, as stockholder of the company. I think it must be assumed that the averments of the commencement of the action, and recovery of judgment against the corporation, were sufficient upon the motion to dismiss. That the omission to aver that such action was commenced within a year from the time the cause therefor occurred, ought to have been disregarded by the referee. The cause of action alleged in the complaint is, that the company were indebted to the Plaintiff's assignor for services rendered for the company as secretary, and otherwise. This presents the question whether a stockholder is liable, in case of the insolvency of the company, for the services of its secretary.

The addition of the words, " and otherwise," does not aid the complaint, unless it shall be held that a stockholder is liable for all services rendered the company; and if this be so, it is clear the complaint is good, for in that event he would be liable for services rendered as secretary.

The 18th section of the act authorizing the formation of manufacturing companies, &c. (3 Gen. Statutes, Edm. 736), provides that the stockholders of any company organized under the act should be jointly and severally individually liable for all debts that may be due and owing to their laborers, servants, and apprentices, for services performed for such corporation. The question is, whether the secretary of the company is included under the terms used in the statute.

I think he is not; that, although in a certain sense he is a servant of the company, he is not so within the meaning of the statute.

The design of the statute was to afford protection to a class of employees of the company known as the laborers, servants, and apprentices, and not as officers and agents of the company.

It was deemed proper by the Legislature to leave the latter class to their remedy against the company only. Section 5 of the act provides for the appointment of a president and subordinate officers of the company.

Had the statute designed to include these officers, it would have used terms embracing them; but they are in the last section called officers, and not servants, of the company.

Again: the officers of the company are not within the same reason for special protection as the laborers. The latter are occupied with their labor, and have no means of knowing anything of the pecuniary condition of the company, while the former are usually better acquainted with that than the general creditors.

No reason is seen why the officers should have any additional security for their salaries beyond that of the general creditors.

I think that neither the services of the secretary, nor those of any other officer of the corporation, came within the 18th section, and that a stockholder is not liable therefor.

This accords with the reasoning of this Court in Aiken *v.* Wasson (24 N. Y. 482), and of the Supreme Court in Ericsson *v.* Brown (38 Barb. 390), and Conant *v.* Van Schaick (24 id. 87).

The precise point was not involved, and therefore not decided, but it was held in Richardson *v.* Abendroth (43 id. 163), that the stockholders were liable for the salary of the secretary. No reasons were assigned therefor, and I think the case in this respect erroneous.

It thus appears that the stockholders are not liable for all services rendered for the company. The addition of the words, " and otherwise," does not therefore import that the assignor had rendered any services for which such liability exists.

From the absence of any proposition to amend, I think the inference probable that the assignor had rendered no such service.

However this may be, the referee was right in dismissing the complaint, and the judgment must be affirmed.

All concur.

Affirmed.

JOEL TIFFANY,

State Reporter.
