Van Vorst, J.
Although there are several causes of demurrer assigned, only such will be considered as were urged upon the hearing, and were argued. It is claimed by the defendant that the complaint does not state facts sufficient to constitute a cause of action; it being urged in support of the objection that the stockholders of the corporation are not liable for services rendered by a “city,” or “assistant city editor,” or “reporter,” for the “Newspaper Association.”
Section 18 of the act of February 17, 1848, under which, and the amendments thereof, the association was incorporated, provides that “the stockholders of any company organized under the provisions of this act, shall be jointly and severally individually liable for all debts that may be due and owing to all their *129 laborers, servants, and apprentices, for services performed for such corporation.”
The general subject raised by the demurrer has already had consideration in several reported cases, in some of which the section of the act in question was considered, and in others, a kindred section, under the general railroad act.
Conant v. Van Schaick (24 Barb. 87) was an action to enforce the liability of stockholders, under the 10th section of the general railroad act, which provides that all stockholders of corporations organized under that act shall be jointly and severally liable for all debts due or owing to any of its “ laborers or servants,” for services performed for the corporation. The claim sought to be enforced, and which was upheld, was in plaintiff’s, favor for services as “ civil engineer,” and of a “rod-man,” in his employ.
The court, in its opinion by Gould, J., says : “The' engineer, the master mechanic, the contractor, is as-fully entitled to its benefits (that is, of the section in question), as is the man who shovels gravel.”
Ericsson v. Brown (38 Barb. 390), was under an act. incorporating the Liverpool and United States Steamship Company, which provided, that the stockholders should be individually liable for debts due and owing-to its “ laborers and operatives,” for services performed for the corporation. The word “servant” is not used in that act. It was held in that action that a “consulting engineer” who rendered services as such, is-not within the language or policy of the act. The learned judge who delivered the opinion, says : “The decision in Conant v. Van Schaick does not touch this case:”
Aiken v. Wasson, 24 N. Y. 482, holds that a “ contractor ” for the construction of a railroad is not a “laborer” or “servant” within the provisions of the' *130 general railroad act, making stockholders personally liable for the debts of the company.*
Williamson v. Wadsworth, 49 Barb. 294, decides that a “civil engineer” and traveling agent at a fixed salary, is a servant of the corporation within the meaning of section 18 of the act of 1848. This decision is in accord with Conant v. Van Schaick, supra, which does not appear to have been questioned as yet.
In Coffin v. Reynolds, 37 N. Y. 640, it is held that the “ secretary ” of a corporation, organized under the act of 1848, is not a laborer or servant of the corporation within the meaning of section 18 of the act in question. This case refers to and does not question or dissent from Conant v. Van Schaick. The decision is placed on the ground that the “secretary” is an officer of the company. Grover, J., says: “I think that neither the services of the secretary, nor those of any -other officer of the corporation, come within the 18th section, and that a stockholder is not liable therefor.”
The result reached by these decisions is, that the claimant, to hold a stockholder liable for his services, must come strictly within the denomination of a “laborer,” “servant” or “operative” of the corporation, and that neither a “contractor,” who undertakes to build a railroad for a corporation, nor an “officer ” thereof, is such laborer or servant; and that a consulting “engineer,” who renders services as such, is not a “laborer” or “operative but whether he comes 'within the denomination of “servant” or no, was not, ;as it was not necessary to be, decided. But, on the other hand, it is decided that an “engineer”—a “civil *131 engineer” and traveling agent are within the terms “laborers and servants.” It is reasonable to conclude that the business of the corporation, and the character of services required for its transaction, would have some influence in determining whether a given service was within the terms of section 18 of the act.
A company, organized, and operating a railroad, must needs have laborers and servants performing work different in character from that rendered by persons in the same relation, for a corporation engaged in publishing a newspaper. The test cannot unalterably be that the services intended to be protected should proceed from manual effort exclusively, nor that the persons to be shielded, must of necessity be, by occasion of ignorance, incapable of guarding themselves, through contracts made in advance.
I do not think the section of the act in question is subject to such limitations.
I will consider the services for which a claim is preferred in this action in an inverse order from that in which they stand in the complaint.
And first with regard to a “reporter.” The particular services rendered by him in this case, do not appear in the complaint. The claim is for work, labor and services as reporter. The services of a reporter for a newspaper are commonly well understood, as is the meaning of the word. His duties in reporting proceedings of courts, public meetings, legislative assemblies, and other services of a kindred character, are often laborious in the extreme, as they are responsible. His duties do not terminate with the day, but often extend into the night also. He must needs employ not only his hands constantly, but his eyes, his ears and his brain also. The value of his services to his employer depends on his fidelity to his work and the accuracy of his reports.
*132 Within, the meaning of the section in question, he is truly both a laborer for, and a servant to his employer, and is entitled to recover of the stockholder for his services as reporter for the newspaper,- the success of which depends greatly on his labors. So much for the reporter.
As the ground of demurrer under consideration is that the complaint does not state facts sufficient to constitute a cause of action, and a good ground of action being found to exist, it may be considered that the demurrer is not well taken.
But in respect to the “city,” or “assistant city editor,” of the newspaper association, if not an officer of the corporation, which he is not averred to be, I think he is also a laborer and servant thereof within the meaning of the statute in question.
if an engineer,—civil, who intelligently contracts and draws plans,—or mechanical, who superintends the machinery and works of a corporation,—is its servant, the editor, “city” or “assistant,” employed, and whose service it is, to prepare, superintend, revise and correct a newspaper, or a department thereof, for publication, is within the same terms, and is entitled to redress against the stockholders of the corporation employing him for his work.
As to the other ground of demurer,—that there is a defect of parties defendant,—it is not well taken. The action being under the 18th section of the act, the stockholders are jointly and severally liable.
There must be judgment for the plaintiff, on the demurrer, with liberty to defendant to answer on payment of costs.

 To same effect, Boutwell v. Townsend, 37 Barb. 205; Balch v. N. Y. & Oswego M’d R. R. Co., 46 N. Y. 521.
Nor are the servants or laborers of contractors. Gallaghar v. Ashby, 26 Barb. 143.