FRANCIS B. STRYKER, Jr., Respondent, *v.* PATRICK
CASSIDY, Appellant.

*Mechanic's lien — chapter 478 of 1862 — meaning of the word "labor" — Architect not
entitled to lien for services.*

The word "labor," as used in chapter 478 of 1862, providing that any person
who shall hereafter perform any labor in building, altering or repairing any
house shall, upon filing the notice required by that act, have a lien for the
value of such labor, does not include the services rendered by an architect
in superintending the erection of the house, and he is not entitled to a lien on
the house for the value thereof.

Appeal from a judgment in favor of the plaintiff, entered upon
the report of a referee.

The action was brought to foreclose a mechanic's lien filed under
chapter 478 of 1862 for services rendered by the plaintiff, as an
architect, in preparing plans and specifications and superintending
the erection of the building against which the lien was sought to
be enforced.

*H. C. Place*, for the appellant.

*Jos. M. Pray*, for the respondent.

BARNARD, P. J. :

The question presented by this appeal is, whether an architect is
a person who can have a lien under chapter 478, Laws of 1862.
The particular words under which the claim is made are as follows :
" Any person who shall hereafter perform any labor, or furnish any
materials in building, altering or repairing any house, building or
other improvement upon lands or appurtenances to such house or
other building by virtue of any contract with the owner    *    *    *
shall, upon filing the notice    *    *    *    have a lien for the value of
such labor and materials upon such house," etc.

The plaintiff, as architect, superintended the erection of a house
on defendant's land, by a contract with the defendant personally.    I
am unable to find any case involving a consideration of this section,

but the principle contended for has received adjudication. In *Ericsson* v. *Brown.* (38 Barb., 390), the words of the "New York and Liverpool United States Mail Steamship Company" charter contained these words : "The stockholders of the said company shall be jointly and severally individually liable for debts that may be due and owing to all their laborers and operators, for services performed for said corporation." The plaintiff in that case, Mr. Ericsson, performed labor and services as a consulting engineer. It was held that he did not come within the section ; that "laborers and operators" did not cover a consulting engineer ; that the act was not designed to protect professional men. In *Aikin* v. *Wasson* (24 N. Y., 482), a contractor built a portion of a road bed for a railroad company. The law provided that "all the stockholders of every such company shall be jointly and severally liable for all the debts due and owing to any of its laborers and servants for services performed for such corporation. It was held that the contractor who performed labor himself with his men, did not come within the description of "laborer or servant" in the section referred to. It has been held in this court that a bookkeeper did not come within the term of section 18 of chapter 40, of Laws 1848, whereby the stockholders were made personally liable "for all debts due and owing to all their laborers, servants and apprentices, for services performed for such corporation."

I think services rendered by an architect do not come within the meaning of term "labor" under the lien law in question, and that the judgment should be reversed and a new trial granted at Special Term, costs to abide event.

GILBERT, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment reversed and new trial granted at Special Term, costs to abide event.