# 186 DEAN v. DE WOLF.

CHARLES R. DEAN, Respondent, v. DAVID R. DE WOLF, E. B. BENJAMIN, W. H. WHITON, and COR-NELIUS H. DELAMATER, Impleaded, etc., Appellants.

1848, chap. 40, § 18 — who "a laborer or servant" within.

The New York & South American Gold Mining Co., a corporation created under the act of 1848, is located in the city of New York. One Dow was its agent, his duties being to superintend the affairs of the company in Venezuela and Guiana, with power to act in all matters. The plaintiff was appointed an assistant to Dow, in Dow's absence exersising the same powers. as he, at a salary of $700 per month, viz. : $100 in cash and $600 in stock and bonds.

Held, that the plaintiff was not "a laborer or servant," within the meaning of the act rendering stockholders personally liable for debts due to laborers and and servants.

Laborers or servants, within the meaning of that act, are persons who, in common parlance and according to the general understanding of men, fall under that appellation, in enumerating the different classes of persons employed by a corporation.

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought to charge defendants (as stockholders of the New York and South American Gold Mining Company) with an alleged indebtedness of the company to plaintiff, under the statute (§ 18, chap. 40 of 1848), holding stockholders of certain corporations liable to servants and laborers for the value of services rendered by them to such corporations. On the 24th day of October, 1872, plaintiff entered into a contract in writing with one Lorenzo Dow (who was general superintendent of the company in Guiana and Venezuela, with power to act in all matters), whereby he agreed to act as assistant of said Dow in the business of the corporation. On the 8th day of March, 1876, plaintiff recovered judgment against the company for the value of the services alleged to have been performed under this contract. This action was brought to recover the amount of such judgment.

*Erastus Cooke*, for the appellants.

*Rufus L. Scott*, for the respondent.

GILBERT, J.:

The resolution of the directors passed April 23d, 1872, conferred ample authority upon Dow to employ the plaintiff; that he did employ him pursuant to such authority, and that the service was rendered for the company was also proved. The contract not being under seal, its form furnishes no obstacle to a recovery. The rights and liabilities of a principal upon a written instrument not under seal, executed by his agent, do not depend upon the fact of the agency appearing on the instrument itself, but upon the fact that the act was done in the exercise, and within the limits of the power delegated, and these are necessarily inquirable into by evidence. (Story Ag. §§ 160, a, 161; *Dykers* v. *Townsend*, 24 N. Y., 57; *Coleman* v. *The First Nat. Bank of Elmira*, 53 N. Y., 388; *Briggs* v. *Partridge*, 64 N. Y., 362.) The contract in this case, however, plainly shows on its face that it was intended to be one between the plaintiff and the company, and not between the plaintiff and Dow.

The only difficult question is, whether the plaintiff was a "servant" or "laborer" within the meaning of the statute. He was the assistant of Dow, and his salary was fixed at $700 per month, namely, $100 in cash and $600 in stock and bonds. Dow's powers and duties were to superintend the affairs of the company in Guiana and Venezuela, with power to act in all matters. The company was located in New York. It is very clear that Dow could not recover in an action of this kind, for the reason that in judgment of law he was neither a "servant" nor a "laborer." (*Hill* v. *Spencer*, 61 N. Y., 274.) Why, then, should the plaintiff be placed in either category? His duties were of the same kind, and in Dow's absence he exercised the same powers. The fact that he occasionally performed manual labor in the discharge of his duties, did not make him a "laborer" within the meaning of the statute. I am of opinion that the nature of his employment, and his duties under it and the largeness of his compensation, render the classification of him under the designation of "servant" or "laborer" inappropriate, and contrary to the intention of the Legislature. In *Aikin* v. *Watson* (24 N. Y., 482), the Court of Appeals unanimously held that the Legislature intended to throw a special protection around that class of persons who should actually

perform the manual labor of the company. Hence they held that a contractor for the construction of a railroad was not a "servant" or "laborer," within the provision of the general railroad act, which in effect is the same as that contained in the statute applicable to this case. In *Coffin* v. *Reynolds* (37 N. Y., 640), a construction was given to the latter statute, and it was there held that stockholders were not liable for services rendered by the plaintiff " as secretary of the corporation and otherwise." GROVER J., said : " The design of the statute was to afford protection to a class of employees of the company *known as* laborers, servants and apprentices, and not as officers and *agents* of the company." These cases are mentioned with approval in the case in 61 N. Y., *supra.* (See, also, *Gurney* v. *At. & Gt. W. R. Co.*, 58 N. Y., 358.) No definition of the terms " servant" and " laborer," which would be applicable to every case arising upon either of the statutes referred to, has been heretofore attempted or can now be given. In construing statutes words are to be taken in their natural and obvious sense, and not in a sense unnecessarily restricted or enlarged. (Sedg. on Construction of Statutes and Const. Law [2d ed.], 220.) Common sense rejects an interpretation which places the operatives in a factory, or the laborers in a mine, and the person whose duties relate to the conduct and superintendence of their work, under the same designation. In one sense they are all servants or laborers, because they render services or perform labor. But such a construction would include the officers of a company, its attorney and counsellor, and all other persons who should perform any sort of service for it. That construction has been uniformly rejected. Who, then, are laborers and servants ? A proper answer to that question is, that they are persons who, in common parlance and according to the general understanding of men, fall under that appellation in enumerating the different classes of persons employed by a corporation. That test would exclude the plaintiff.

The judgment must, therefore, be reversed and a new trial granted, with costs to abide the event.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment reversed and new trial granted, costs to abide event.