17  463
57  583

SAMUEL M. KRAUSER, Respondent, v. JOHN H. RUCKEL, JACOB HENDEL and JOHN AITKEN, Appellants.

1848, *chapter* 40, § 18 — *who is not a laborer or servant within — right of an assignee to proceed against stockholders under.*

One employed by a mining corporation, having its principal place of business at New York city, to act as superintendent of its works, in Lewis county, with power to hire and pay workmen, and to make contracts for supplies, ores, etc., when and as directed by the company, is not a "laborer, or servant or operative"

within the meaning of section 18 of chapter 40 of 1848, making the stockholders individually liable for the debts of the company owing to laborers and servants and operatives.

Where a laborer assigns his claim for wages, after it has accrued and become fixed, his assignee may enforce the payment thereof from the stockholders under the said section.

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

The action was brought against the defendants as stockholders in "The Black River Iron and Mining Company," a corporation organized under the general act of February 17, 1848, for the formation of manufacturing and other corporations.

The plaintiff sought to recover for his own personal services, and for the services of several persons who had performed work for the company and assigned their claims to him. The plaintiff recovered upon both claims. The company's principal place of business was in New York city, and its works were located at Port Leyden, Lewis Co.

The referee found "that the plaintiff at the time stated in the complaint herein was superintendent of said works there, and that there was no one there superior to him, that the plaintiff at the companies said works at Port Leyden hired and paid the workmen, purchased supplies, selected ore, made contracts for the company, drew drafts on the company for purchases, paid freight, drew orders on store-keepers for provisions supplied to the workmen, and had entire charge of the companies works and affairs at that place, and that no contracts were made by him without special directions, other than hiring men." The plaintiff was employed at a "salary of $3,000 and board until the furnaces were in working, then at a salary of $3,600 a year." The plaintiff took charge of the works, and while there performed some manual labor in the business; some of the officers occasionally visited the works and gave some directions as to their management. The plaintiff recovered a judgment against the corporation and issued execution thereon, which was returned wholly unsatisfied, before the commencement of this action.

*John Van Voorhis* and *William B. Aitken*, for the appellants. The plaintiff, as a general superintendent, was not a laborer or

servant within the meaning of section 18 of chapter 40 of 1848. (*Hill* v. *Spencer*, 61 N. Y., 274; *Coffin* v. *Reynolds*, 37 id., 640; *Aiken* v. *Wasson*, 24 id., 482; *Ericsson* v. *Brown*, 38 Barb., 390; *Stryker* v. *Cassidy*, 10 Hun, 18.) The right of action given to laborers against stockholders is a personal privilege granted to them alone by statute and is not given to an assignee, unless the assignment is made for the benefit of the assignor. (*Coffin* v. *Reynolds*, 37 N. Y. Rep., 640; *Boutwell* v. *Townsend*, 37 Barb., 205; *Gallager* v. *Ashly*, 26 id., 146; *Donaldson* v. *Wood*, 22 Wend., 398; *Roberts* v. *Fowler*, 4 Abb. P. R., 263; *Rollin* v. *Cross*, 45 N. Y., 766; *Weyburn* v. *White*, 22 Barb., 82; *Dudley* v. *Mayhew*, 3 Comst., 9–15.)

*Walter Ballou*, for the respondent.

HARDIN, J.:

The plaintiff's right to recover for his personal services against the defendants, as stockholders, depends upon a construction of the eighteenth section of the act of 1848 (ch. 40) making stockholders liable for debts due and owing to "laborers, servants and operatives" for services performed for the company. We think we must conclude in this case that the plaintiff was not a "servant, laborer or operative" within the terms used in the statute, in deference to the reasoning and decision in *Hill* v. *Spencer* (61 N. Y., 274); *Dean* v. *De Wolf* (23 N. Y. S. C., 16 Hun, 187).

True, the plaintiff performed some manual labor, but that was merely incident to his position of general superintendent of the company, and that does not bring him within the provisions of the statute. (*Ericsson* v. *Brown*, 38 Barb., 390.)

The case of *Jeremiah S. Black* (*Gurney* v. *A. and G. W. R. R. Co.*, 58 N. Y., 370) is not in point. The question there was whether a claim by a lawyer for services performed for a railway company were within the terms of an order directing the receiver to pay claims for employees out of the fund; and although this court held it was not covered by the terms of the order, the Court of Appeals, by a divided vote, came to the conclusion that the language of the order covered the claim. That case does not, however, aid the plaintiff, and we are inclined to think the plain-

tiff's position was not that of "servant or laborer," and that the case of *Hill* v. *Spencer* (*supra*) is decisive of his case, adversely. We must, therefore, hold that the referee erred in so far as he allowed the plaintiff to recover for his personal services, of the defendants as stockholders. (*Dean* v. *De Wolf, supra*.)

The other branch of the case rests upon evidence that several persons were employed as laborers in the business of the company, performed labor, and subsequently assigned their claims to the plaintiff, who brought an action thereon against the company and had an execution returned unsatisfied.

1. They were employed by the agents of the company, and the company received the benefit of their services with knowledge that they were being performed.

2. They assigned their claims to the plaintiff after they accrued.

3. There was no proof that the services had been paid for, and the evidence justified an inference and finding by the referee that they remained unpaid and owing at the time when this action was brought against the stockholders.

The appellant insists that the "right of action given to laborers against stockholders is a personal privilege granted to *them alone* by statute and is not given to an assignee." This point was before this court in *Krauser* v. *Murdock*, and was decided adversely to the defendant. The statute requires that the stockholders shall be liable for the debts due and owing to laborers, etc. When this liability has accrued and become fixed we see no reason why it may not be assigned, and the assignee acquire all the right of action which accrued to the original party, the assignor. The counsel cites us to the case of *Rollin* v. *Cross* (45 N. Y., 766), and *Roberts* v. *Fowler* (4 Abb. P. R., 263), where it was held that a mechanic's lien could not be filed by an assignee because the statute conferred a personal privilege upon the laborer. Those cases do not support his proposition.

There were many objections taken to evidence, but an examination of them does not indicate any error on this branch of the case calling for a reversal of the findings. The referee only allowed a recovery for Michael Morris's claim so far as his labor was concerned, and excluded the claim for horses.

We think the judgment should be reversed and a new trial had

before another referee, with costs to abide the event, unless the plaintiff shall stipulate to modify the judgment by striking out the amount of the recovery for the plaintiff's individual services and interest thereon, in which case judgment as so modified will be affirmed, with costs of the appeal.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment reversed and new trial ordered before another referee, with costs to abide the event, unless the plaintiff shall, within twenty days, stipulate to modify the judgment by striking out the amount of the recovery for the plaintiff's individual services and interest thereon, in which case the judgment as so modified is affirmed, with costs of the appeal to plaintiff.