MORRIS H. SMITH, RESPONDENT, *v.* THE LONG ISLAND RALROAD COMPANY, APPELLANT.

*Compensation for services rendered — when a promise to pay for the services rendered to a company by one of its officers will not be implied.*

The plaintiff was elected and acted as the secretary of the defendant in 1870 and for five successive years thereafter. During all this time he was employed as a clerk by the defendant, and was not at any time a stockholder or director of the company. At the time of his election the by-laws did not provide any salary for the secretary, nor was any such provision subsequently made, although the plaintiff spoke once to the president and once to a director of the company about it.

In an action by the plaintiff to recover upon a *quantum meruit* the value of the services so rendered by him as secretary:

*Held*, that he was not entitled to recover, as no express or implied promise on the part of the company to pay him for his services was shown.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*Edward E. Sprague*, for the appellant.

*B. F. Dunning*, for the respondent.

PRATT, J.:

This is an appeal from a judgment in favor of the plaintiff, for compensation for services rendered as secretary of the defendant during the five years from April, 1870, to April, 1875.

Plaintiff was elected secretary of defendant in April, 1870, and re-elected four successive years, and acted as secretary during the intervening period. The claim was upon *quantum meruit*. At the time of plaintiff's election to the office of secretary the by-laws of the company made no provision for a salary to its secretary, and no action of the company was at that time, or subsequently, taken, fixing any salary to the office of secretary, or to the incumbent, the plaintiff. At the time of his first election to the office he was employed as a clerk in the office of the financial agents of the defendant, and continued to be employed during the entire period he served as secretary. He was not at any time himself a stockholder or director of the company.

At some time after his election as secretary he spoke to the president about compensation, but it does not appear that any compensation was fixed, or agreed to be paid. He also spoke upon the subject to one of the directors, with like result; and no application or demand for salary or compensation was made to the company, or to vote or fix such salary during his entire secretaryship. It seems clear to us upon this state of facts, that plaintiff cannot recover, and that the learned referee erred in the judgment rendered.

Ordinarily it is enough for a party claiming compensation for services to show that such services have been performed. The law will then raise an implied promise to pay. But when it is made to appear from all the circumstances that there was no contract of employment, that there was no hiring, or that the services were voluntarily given, and that no compensation was intended by the parties, the implication of a promise to pay is rebutted, and the action must fail. (*Maltby* v. *Harwood*, 12 Barb., 477; Wood on Master and Servant, 862; *Pendleton* v. *Empire Stone Dressing Co.*, 19 N. Y., 13).

In the case at bar it would seem that the expectation of compensation, the implication of a promise to pay the plaintiff as secretary of the defendant, is wholly rebutted by the facts. The plaintiff was not hired as a clerk, employe, laborer or servant, by the defendant, in the sense in which those terms are usually used. He was elected an officer of the corporation under by-laws which determined the office, its duties, its term, and the manner of the election, but which did not provide a salary attaching to the office.

A secretary of a corporation is not a servant in the ordinary and usual sense in which the term is used. (*Gurney* v. *Atlantic and Great Western Railway Co.*, 58 N. Y., 367; *Coffin* v. *Reynolds*, 37 N. Y., 640.) And in the absence of a by-law fixing the salary of an officer of a corporation, or any express promise to pay, no compensation for such services upon *quantum meruit* can be recovered. (*Talcott* v. *Olcott Manufacturing Co.*, 11 N. Y. Weekly Dig., 141; *Kilpatrick* v. *Penrose Ferry Bridge Co.*, 49 Penn. St., 118.) And this doctrine has been held in this department in several unreported cases. It is true that in those cases the reason of the decision was put upon the ground that officers of corporations being usually directors, are trustees, and hence may not

retain compensation out of the trust funds, but in the two reported cases above cited such reason is not given, and there seems no good reason why the restriction should be made as indicated.

But irrespective of the rule above set out, it seems clear that the presumption of a promise to pay the plaintiff, as secretary, by the defendant, is entirely rebutted by all the circumstances. He accepted an office to which no salary attached, and to which none was fixed. One of the directors says that plaintiff spoke of compensation, though plaintiff does not confirm the statement, yet none was then promised or fixed. The implication is that the directors did not intend to fix compensation nor to pay for services. Plaintiff then served one year and neither makes demand for salary nor receives any, nor was a salary fixed, and, notwithstanding, he continues to permit himself to be elected a second year, accepting the office, and to be so elected three several consecutive times thereafter under similar conditions. The natural inference from these circumstances is that no compensation was expected and none implicitly promised. His employment, and continued employment with the financial agents of the corporation, may account for his willingness to accept the office without compensation, but at all events it is quite clear that he did so accept it, whatever may have been his reason. Upon these grounds we are of opinion that the judgment should be reversed and new trial ordered, with costs to abide the event.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment reversed, and new trial granted.