L. BYRON CHAPMAN, Respondent, *v.* CHARLES H. CHUMAR, Appellant.

*Supreme Court, Fifth Department, General Term, October 19, 1889.*

*Manufacturing Corporations. Stockholders.*—A bookkeeper of a manufacturing company, who has no other duties to perform, is a servant within the meaning of section 18, chap, 40 of 1848.

Appeal from an interlocutory judgment entered upon the decision of the special term at Wyoming county, overruling the defendants' demurrer with leave to them to plead over.

*Frank W. Brown,* for respondent.

*A. J. Abbott,* for appellants.

MACOMBER, J.—By this action the plaintiff, who is a judgment creditor of the Eldridge Salt Company, seeks to make

responsible the directors of that corporation for the payment of his debt.

The plaintiff was, during the months of January, February and March, 1888, employed by that corporation as book-keeper at the agreed price of $75 per month, amounting in the whole to the sum of $225 upon which there had been paid only the sum of $35. The plaintiff properly alleges the recovery of the judgment and the issue of the execution thereon and the return thereof unsatisfied against the corporation. This corporation was formed under the general Laws of 1848, chap. 40, § 18 of which provides that the stockholders shall be jointly and severally liable for all debts which shall be due and owing to all their laborers, servants and apprentices for services performed for such corporation.

We do not understand that the purpose of this action is to charge any of the defendants with liability under any other section of this act. The only question worthy of discussion as it seems to us is, whether the defendant was a servant within the meaning of this statute. It is not shown by the complaint that he had any other duties to perform than those of bookkeeper. We must assume, therefore, that he was not an officer of the corporation ; that he was not a superintendent, and that he had no general supervising powers by which there was lodged in him any discretion, or any control over the actions or conduct of the corporation or its officers and employes. If, in truth, the plaintiff ever performed any duties other than those technically of a book-keeper, that is to say, a person who simply records the financial transactions of the concern, without power to direct or manage, the same does not appear by any allegation in the complaint.

In all of the cases cited by the counsel for the appellants, Dean *v.* De Wolf, 16 Hun, 186, affirmed in 82 N. Y. 626 ; Aikin *v.* Wasson, 24 N. Y. 482 ; Coffin *v.* Reynolds, 37 Id. 640 ; Gurney *v.* The A. & G. W. R'y Co., 58 Id. 367 ; Wake-

CHAPMAN v. CHUMAR.          201

Note on "Employes, etc., within the Meaning of the Act of 1892."

field v. Fargo, 90 Id. 213, as well as in Hill v. Spencer, 61 Id. 274, and Krauser v. Ruckel, 17 Hun, 463, the person claiming the benefit of this statute, while in part performing menial duties which would in terms bring him within its provisions, also was charged with some superintending duty that took him out of the description of servants who worked for, and were directed solely by, a master, and who had no discretionary or supervising power over the corporation or its officers or men. An examination of these several authorities will show this to be the case without an exception, and hence they are not applicable to the facts alleged in this complaint.

The judgment entered upon the decision should be affirmed, with costs, but with leave to the defendants to plead over on payment of the costs, of the demurrer and of this appeal.

DWIGHT, P. J., and CHILDS, J., concur.

NOTE ON "EMPLOYES, ETC., WITHIN THE MEANING OF THE ACT OF 1892."

The bookkeeper of a business corporation, who has no other duties to perform and no discretion or control in regard to the conduct of the corporation, its officers, or employes, is a servant within the provisions of § 54, chap. 688 of 1892, which make stockholders liable for debts due to servants of a corporation for services performed for it. Chapman v. Chumar, 54 Hun, 636.

A person, employed to assist the general manager of a corporation in keeping its books and to clean the office and show-room of the corporation, and to assist in putting together, taking apart and shipping wire wicket-fence and weaving machines, is an employe within the meaning of the above-mentioned act and is entitled to preference at the hands of a receiver of the corporation. Brown v. A. B. C. Fence Co., 52 Hun, 151.

In People v. Remington, 53 Hun, 638, certain persons made articles of machinery for the defendant to be paid for at a fixed price for each article. The defendant furnished the material, power, tools, etc., and the former parties hired and paid the laborers who did most of the work, subject to general rules in force in defendant's factory. It was held that these parties were not "employes, operators or laborers," within the meaning of said act.

In Sherman v. Herbert, 2 City Court, 314, a bookkeeper was held not to

be a laborer within the meaning of the section which makes stockholders. personally liable for the wages of laborers.

The agent of a mining company, employed to take charge of its mines in another country, is not a servant within the meaning of the business corporation act of 1892, so as to render the stockholders individually liable for his services. Hill *v.* Spencer, 61 N. Y. 274; Dean *v.* DeWolf, 16 Hun, 186; 82 N. Y. 626; Krauser *v.* Ruckel, 17 Hun, 463.

A reporter employed by a newspaper company is a servant within the individual liability clause of the above act. Harris *v.* Norvell, 1 Abb. N. C. 127. So is a city or assistant editor, if he is not an officer of the company. Id.

Nor is one employed, at a yearly salary, as a bookkeeper and general manager, a laborer or servant within the meaning of said act. Wakefield *v.* Fargo, 90 N. Y. 213.

A party who acts as foreman, takes part in the manual labor, keeps the time of the men, solicits orders, collects bills, and does whatever is required of him by the general superintendent, was held in Short *v.* Medberry, 29 Hun, 39, to be a servant within the meaning of the statute. But if the salary, in such case, is payable monthly, only so much can be recovered from a stockholder as became due within two years prior to the time it became due. Id.

The secretary of a manufacturing company is not a servant or laborer, within the meaning of the act of 1892, so as to render the stockholders individually liable for his services. Coffin *v.* Reynolds, 37 N. Y. 640. This case overrules Richardson *v.* Abendroth, 43 Barb. 162, and Williamson *v.* Wadsworth, 49 Id. 294.

A contractor for the construction of a part of a railroad is not a servant or laborer under the former act of 1850. Aikin *v.* Wasson, 24 N. Y. 482. This act does not include one who contracts for, and furnishes, the labor and services of others, or who contracts for, and furnishes, a team or teams for work, whether with or without his own services. Balch *v.* N. Y. & O. M. R. R. Co., 46 Id. 521.

The word "servant," as used in the act of 1892, is not restricted to one who performs menial service, but includes one acting as engineer and fireman, and sometimes as superintendent, in a mining company. Vincent *v.* Bamford, 1 J. & S. 506; 42 How. 109. So an overseer and bookkeeper has been held to be a servant within the meaning of said act. Hovey *v.* Ten-Broeck, 3 Robt. 316.

See note to section 54 of Miscellaneous Corporations, Banks & Brothers' Edition of 1892.